# Lysander Brooks and another v. James H. Fairchild.

*Deeds: Irregularities: Defects: Curative act of 1861.* A deed executed in the state of New York before a commissioner of deeds in 1839, and to which is attached a proper clerk's certificate, made in 1841, certifying to the authority of such commissioner, and to the genuineness of his signature, and that the deed was executed according to the laws of New York, is held not open under the curative act of 1861 (*Laws of 1861, p. 16*) to objection that the deed had but one subscribing witness or that it was not acknowledged before the proper officer as provided by the laws in force at the time of its execution.

BROOKS *v.* FAIRCHILD.

*Ejectment: Value of premises: Filing request nunc pro tunc: Discretion.*
Where in ejectment testimony offered to prove the value of the premises was objected to on the ground that no request in writing for such estimation had been filed, and thereupon plaintiff's counsel, claiming one had been duly filed, asked and was allowed to file such request *nunc pro tunc*, it is held that in the absence of any denial on the part of defendants, that such request had actually been filed at the proper time, or of any claim that the filing of the same *nunc pro tunc* took them by surprise or that they were unprepared then to meet the same, or of any request for a continuance on account thereof, the discretion reposed in the trial court was not abused and that the course pursued was proper.

*Evidence: School districts: Boundaries.* Where in introducing evidence as to the legality of certain school taxes it becomes material to show that certain lands are within a particular school district, that fact may be proved by parol.

*Special questions to the jury.* The court on an ejectment trial having directed the jury to find a verdict for the plaintiff, submitting to them special questions propounded as to the value of the premises and of the improvements, the refusal to submit special questions proposed by defendants upon other subjects, is held not erroneous, for the reason that the answers would under the circumstances be immaterial under such a charge.

*Heard April 4.     Decided April 17.*

Error to Van Buren Circuit.

*Edward Bacon,* for plaintiffs in error.

*D. Blackman,* for defendant in error.

MARSTON, J:

Defendant in error brought an action of ejectment, and obtained judgment therein, for certain lands in Van Buren county.     It appears that the lands were patented by the United States May 1, 1839, to Samuel Sherwood and Joseph D. Beers.     On the trial, plaintiff produced a deed purporting to have been signed by Sherwood and wife and Beers and wife November 25, 1839, conveying the land to William Kumble.     There was but one subscribing witness to this deed.     It purported to have been acknowledged December 16, 1839, in the city and county of New York, before Wm. H. Etting, commissioner of deeds.     The clerk of said city and county, who was clerk of the court of common pleas

of said city and county, April 23, 1841, certified that Etting was a commissioner authorized to take such acknowledg-ments, that this signature to said acknowledgment was the genuine signature of said Etting, and that the instrument was executed according to the laws of the state of New York. On the back of this instrument appeared an endorsement showing it to have been recorded in Van Buren county June 30, 1841.

Plaintiff introduced evidence to show that the grantee died August 31, 1866, leaving four children, who were his sole heirs at law; that this deed was found among his papers after his death, by one of his children, and that said grantee had paid the taxes upon these lands up to within a few years of his death; and tax receipts were introduced showing the taxes to have been paid from 1838 to 1858, inclusive, except for the year 1856. The plaintiff also introduced evidence to prove that the endorsement of record upon said deed was genuine, and also that the signatures of the grantors in said deed, Samuel Sherwood and Joseph D. Beers were the genuine signatures of said parties. There was no evidence given contradicting any of the testimony so introduced by the plaintiff. Plaintiff then offered in evidence the deed from Sherwood and Beers to Kumble, which was admitted, and a deed from the heirs of Kumble to plaintiff, executed and delivered before the commencement of this suit.

The assignments of error, forty-eight in number, cannot be separately considered. All the questions raised, of any importance whatever, can be considered and disposed of in a much more clear and satisfactory manner in the method we have adopted, than they could be if we should take up and examine each objection separately.

Whatever objections may have existed as to this deed not having had two subscribing witnesses at the time it was executed, and also because not acknowledged before the proper officer, as provided by the laws in force at the time of its execution, we think no such objections can be now

urged.    It appears that this deed was executed according
to the laws of the state of New York, and that Etting, the
commissioner, was authorized to take the acknowledgment
of deeds by the laws of that state.    The case comes clearly
within the provisions of the act of 1861 (*Laws of 1861, p.
16*), and the deed was properly admitted in evidence.

After introducing the deeds in evidence, plaintiff intro-
duced evidence to show that defendants were in possession
of the premises, and he then offered to prove the value of
the premises if no buildings or improvements had been made
or waste committed.    This was objected to because no such
request in writing for any such estimation had been filed by
the plaintiff.    Plaintiff's counsel, then claiming that such
a request had been filed, asked leave of the court to then
file such a request *nunc pro tunc*.    This was objected to,
but allowed.    It does not appear from the record that the
fact of such a request having actually been filed was denied,
or that defendants' counsel even claimed that to permit it
to be filed during the trial would take him by surprise, or
that he was unprepared to meet the same; nor was a con-
tinuance asked for on account thereof.    Under such cir-
cumstances we think the discretion reposed in the court was
not abused, and that the request of plaintiff was properly
granted.

The plaintiff having rested, the defendants introduced in
evidence five tax-deeds from the auditor general, covering
the whole or portions of the land in dispute.    One of these
deeds was for the taxes of 1856, one for taxes of 1859, one
for 1860, one for 1861, and one for 1862.    And they also
gave evidence to prove the value of the buildings and im-
provements.    Plaintiff then gave evidence, which was not
disputed, showing that the taxes, or a portion thereof, for
which the lands had been sold and deeds given, as stated,
were excessive and illegal.    In introducing such evidence as
to taxes raised in certain school districts, an objection was
made by defendants' counsel, that no maps or documents
were or had been offered to prove the organization or boun-

daries of such school districts. We are of opinion that it is not necessary to introduce maps or documents to establish the fact that certain lands are within a particular school district, township, or other municipality, in a case like the present; that fact may be shown by parol.

Both parties having rested, counsel for defendants asked to have twenty-eight questions submitted to the jury, all of which were refused by the court except the twenty-seventh, relating to the value of the buildings and improvements, which was submitted and answered. The court instructed the jury to find a verdict for the plaintiff and also instructed them to answer the questions submitted by counsel for the respective parties relative to the value of the premises without improvements, and the value of the buildings and improvements. Under such a charge the other questions submitted by counsel for defendants became wholly immaterial. These questions are all covered by the previous rulings of the court, and the charge, so that if the latter was correct no error could have been committed in not permitting the jury to pass upon them, as the answers thereto, no matter how answered, could not have affected the verdict. The evidence in this case was not conflicting nor disputed. The tax deeds were not claimed to be valid. Most of the evidence had been addressed to the court to enable it to pass upon the admissibility of documentary evidence, and the finding of the jury in reference thereto could have no bearing upon or in any way affect the rulings previously made. The case was one, as submitted, where all the questions of any materiality or importance were legal ones, and had to be passed upon by the court, and where the court had a right, we think, to direct the jury to find for the plaintiff. Had the jury found otherwise it would have been the duty of the court to have set the verdict aside, so that we cannot see in what way the plaintiffs in error could be injured by the instruction given or the refusal to permit the jury to pass upon the questions rejected. The only questions of any importance related to the value of the

premises and of the improvements thereon, and these were properly submitted and answered.

We discover no error in the record. The judgment must be affirmed, with costs, and the record remanded for further proceedings under the statute.

The other Justices concurred.