SCHOOL-DISTRICT No. ONE OF THE TOWNSHIP OF PINE
RIVER v. THE UNION SCHOOL-DISTRICT No. ONE
OF PINE RIVER AND BETHANY ET AL.

*Schools and school-districts—Alteration of boundaries of district—
Estoppel—Evidence.*

By the joint action of the boards of school inspectors of two
townships, certain territory was set off from one school-district
and attached to another, but no record was made of the action
of the inspectors. No appeal was ever taken, and the district
from which the territory was detached, after acquiescing for
over five years in the action of the inspectors, filed a bill to
restrain the other district from exercising any further jurisdic-
tion over the detached territory and for an accounting. And
it is held that, under the circumstances, parol evidence is
admissible to show the action taken, and that complainant is
estopped from questioning the same.

Appeal from Gratiot. (Hart, J.) Argued May 15,
1890. Decided June 6, 1890.

Bill to restrain defendant district from exercising juris-
diction over certain territory formerly belonging to com-
plainant, and for an accounting. All parties appeal from
a decree granting the injunctive relief prayed for, but
denying an accounting. Decree reversed and bill dis-
missed. The facts are stated in the opinion.

*W. A. Bahlke* (*McGarry & Ford,* of counsel), for com-
plainant.

*C. W. Giddings,* for defendants.

LONG, J. This controversy grows out of a claim made
by the complainant that the defendant school-district, with-
out warrant of law, has since the year 1881, to and
including the year 1886, extended assessment for taxes

over certain territory which the complainant district now claims as a part of the territory lying and being within its boundaries, and that the taxes so levied were collected by the township treasurer for those years, and turned over to the school fund of the defendant district. The bill is filed for an accounting for moneys so assessed and collected amounting to over $1,000, and for an injunction restraining the defendant district from assuming jurisdiction over that portion of the territory in controversy, and also restraining the defendant Robinson, who is supervisor of the township of Pine River, from assessing any tax upon the property in said territory for the use and benefit of the defendant district.

The territory in dispute comprises one and three-quarter sections of land, and lies between the two districts, and from and including the year 1881 has been regarded as comprised within the territorial limits of the defendant district. It appears that prior to 1881 this territory was embraced within complainant's district. The bill alleges that the complainant district was organized in 1854, composed of certain territory, and of which the territory now in controversy formed a part, and that it has retained the whole of such territory ever since, and has been entitled to receive the taxes assessed on said lands to its own use.

The defendant district, by its answer, alleges that in April, 1881, by the action of the joint boards of school inspectors of the townships of Pine River and Bethany, this territory in the township of Pine River was detached from the complainant district, and added to that of defendant; that said action in detaching said territory from complainant district, and adding the same to defendant district, has since been duly recognized and acquiesced in by all parties interested; and that no pro-

test or complaint was made until exhibited by the bill of complainant.

On the hearing in the court below a decree was made perpetually enjoining and restraining the defendant district from receiving the sums of money arising from the taxes assessed on said territory, and also restraining and enjoining the defendant Robinson, as supervisor, from assessing and levying any taxes thereon for the use and benefit of the defendant school-district. Decree for accounting was denied. From this decree all parties appeal.

We need not discuss at length the testimony offered in the case, as it very satisfactorily appears that this decree cannot stand. The complainant, by its bill, attempts to explain the reason of the long delay in asserting its rights to the moneys arising from this territory as follows:

"And your orator further shows that it has delayed action against the defendant school-district, and the respective supervisors of the township of Pine River, from year to year, in the hope and belief that they would cease to cheat and defraud your orator out of its just rights in the premises, and legally perform their duty to your orator and the public as in justice and in equity they ought to have done, and because your orator was poor, and needed all the moneys it could raise for school purposes, and thus hesitated to expend the same in litigation."

It is quite apparent, however, that the bill was filed because it was discovered that the records in the offices of the township clerks of Bethany and Pine River failed to show the joint action taken by the boards of school inspectors of these two townships. The complainant, in making its case at the outset, introduced as witnesses these two township clerks. The clerk of the township of Bethany was first called, and complainant's counsel, at the outset of his direct examination, asked:

"Have you in your possession the actions of the joint

boards of school inspectors of the townships of Pine River and Bethany since and including the year 1880?"

Counsel also asked the witness:

"Have you any record in the book that you have in your hands of a joint meeting of the boards of school inspectors of the townships of Pine River and Bethany held on the 23d day of April, A. D. 1881, in which the following territory of School-district No. 1 of Pine River was detached therefrom, and annexed to Union School-district No. 1 of Pine River and Bethany, to wit" (counsel here describing the territory in controversy)?

Other questions of similar import were asked by the counsel of this witness, and also of the clerk of the township of Pine River, and from such examination it appeared that the records did not show the action taken by this joint board detaching this territory from complainant's district. Counsel also called as a witness an officer of the complainant district, and showed that, during the year 1880 and thereafter, no notice was ever served upon him of the joint action of the boards of school inspectors for these two townships. It appeared, however, from complainant's proofs that prior to 1881 the district had a log school-house on the north-west corner of north-east quarter of section 27 of Pine River, which was within the territory in dispute, and that it was torn down in 1880 or 1881, and in 1882 or 1883 a new school-house was built one-half mile west and outside of the disputed territory; and no claim was then made that the territory in dispute should be treated as belonging to that district, and no taxes were attempted to be laid on this territory to aid in building this school-house.

The defendants offered testimony tending to show that in the year 1881 there was a meeting of the school inspectors of these two townships, and action taken setting this territory into the defendant district, though no

record of such proceedings is found or produced. It appears, however, that ever since that time the inhabitants of that territory, as well as the defendant district, have regarded that territory as within the jurisdiction of the defendant district, and the children of these inhabitants have attended school in the defendant district ever since. It appears, also, that on April 1, 1881, a petition was presented to the defendant district asking permission that this territory might be added to the defendant district, and the petition was granted. This was before the joint meeting of the boards of inspectors. Since that time it also appears that petitions have been presented to the defendant district, to have certain of this disputed territory set off from it, by the inhabitants residing within this territory. If the complainant never had notice of the meeting and action of the joint board of inspectors, it is apparent that it has had notice of the claim made by the defendant over this territory during all these years.

How. Stat. § 5033, provides that the township board of school inspectors may regulate and alter the boundaries of school-districts, and by section 5040 the action of the joint boards is required in case of fractional districts. The statute gives these boards power to do what the defendants claim was done in this case, and the two school-districts have acquiesced for all these years in that action. Section 5037 provides that every school-district shall in all cases be presumed to have been legally organized where it shall have exercised the franchises and privileges of a district for the term of two years. Whatever action was taken by the school inspectors was not appealed from; and, after this long acquiescence by the complainant in the action of the inspectors in setting this territory off, it must be estopped from making this claim. The records are not produced, but it is quite apparent

that some action was taken, and the matter treated as settled, in 1881. Parol evidence, under the circumstances, was admissible to show these facts. *Brooks v. Fairchild,* 36 Mich. 231; *People v. Maynard,* 15 Id. 470; *Stuart v. School-dist.,* 30 Id. 70.

The cases cited by counsel for complainant are not applicable to this case. In those cases the actions were aimed directly at the regularity of the organization of the districts. The present case is in equity for an accounting and to restrain the defendant from exercising jurisdiction over a portion of territory that for a long term of years has been regarded within its exclusive jurisdiction, and in which the complainant, as well as others, have ever acquiesced.

The decree of the court below must be set aside, and complainant's bill dismissed, with costs of both courts.

The other Justices concurred.