WHEAT *v.* VAN TINE.

1. ESTOPPEL — EQUITABLE ESTOPPEL — ACQUIESCENCE IN ACTS OF
   DEFENDANT.

   Where a landowner authorized and assented to the removal by
   village officers of earth from the street in front of his premi-
   ses, he is estopped to complain of such removal to the extent
   to which he authorized it.

2. MUNICIPAL CORPORATIONS — STREETS — ESTABLISHING GRADE—
   LOWERING SURFACE—LIABILITY TO LANDOWNER.

   Where no street grade has been legally established in a village,
   a landowner cannot recover damages from the village for
   removal of earth from the street in front of his property for
   the improvement of the street.[1]

3. SAME—COUNCIL PROCEEDINGS—RECORD—PAROL EVIDENCE—AD-
   MISSIBILITY.

   Though parol evidence is not admissible to contradict the record
   of the proceedings of the common council of a village, it is
   admissible to show facts omitted from such record, since the
   failure of the clerk to properly enter such proceedings cannot
   affect the rights of individuals who have acted upon the
   faith of the action of the council, in fact duly taken, but not
   recorded.

4. SAME—ACTS OF OFFICERS—RATIFICATION—ALLOWANCE OF BILLS
   —PAROL EVIDENCE.

   Parol evidence is admissible to show that certain bills, audited
   and approved by a village council with full knowledge of their
   contents, included the expense of a certain street improve-
   ment for the making of which no record authority appears,
   since what the council could authorize it could ratify, and
   the allowance of the bills was a sufficient ratification.

5. SAME—LIABILITY OF OFFICERS—ACTS AUTHORIZED BY COUNCIL
   —RATIFICATION.

   In an action against village officers for unauthorized removal
   of earth from the street in front of plaintiff's property,
   evidence examined, and *held,* to conclusively establish that

   [1]As to abutting owner's right to damages arising from grading
   street where no grade formerly established, see note to *Hickman* v.
   *Kansas City* (Mo.), 23 L. R. A. 658.

defendants' acts were ratified by the council of the village, and that a verdict for defendants might properly have been directed on that ground.

Error to Tuscola; Beach, J. Submitted June 11, 1907. (Docket No. 69.) Decided July 15, 1907.

Trespass quare clausum fregit by Frederick S. Wheat against George Van Tine and others. There was judgment for defendants, and plaintiff brings error. Affirmed.

Plaintiff is the owner of a lot fronting on Almer street, and also another three-cornered lot located between Almer and Grant streets in the village of Caro. Lot 1 is located at the crest of what is called "Wheat's Hill." Almer street extends over this elevation. At the foot of the hill on Almer street is a ravine through which in time of rains water flowed and washed away the culvert. This had happened two or three times. It was finally determined by the village authorities to construct a cement culvert with a retaining wall to be built on the adjoining land owned by one Patterson, and the proper resolution was adopted. The work was completed, and two years after its completion the plaintiff brought this action of trespass. Of the defendants one is president of the village, another the street commissioner, the others members of the council and of the street and sidewalk committee. The defendants with their plea gave notice that the work was done under the direction of the common council and was ratified and confirmed by the council, and that the defendants as village officers, in directing this work, did no more than to put the street in a reasonably safe condition and fit for travel. The act of trespass alleged is removing the dirt from the street in front of plaintiff's land and thereby lowering it and causing damage to his land. The theory of his claim is that the defendants acted without any record authority of the common council, that their acts were not properly ratified, and that they were therefore trespassers.

The defendants' theory is that plaintiff invited, assented to, and participated in the acts complained of; that defendants, as officers of the village, were performing necessary work upon the public streets to make them reasonably safe and fit for travel; that, as no grade had been formerly established on this street, the village council could authorize the hill to be cut down without liability to abutting property owners; that any act which the common council could authorize they could ratify; that payment of the bills for the work done, by the authority of the council, was a ratification of the acts of the defendants; and that no damage had been done to the plaintiff's property. The case was submitted to the jury upon this theory, and a verdict rendered for the defendants.

*Byron L. Ransford* (*Frederick S. Wheat*, of counsel), for appellant.

*Pulver & Smith*, for appellees.

GRANT, J. (*after stating the facts*). Plaintiff's lots were vacant and unimproved. Near the crest of the hill opposite one lot a mudhole existed in the center of the street, which was bad in wet weather. There were no gutters on the sides of the roadbed. The village authorities and plaintiff recognized the necessity and propriety of fixing the street and the culvert. Plaintiff admitted that he pointed out to the defendants how they might make a grade and excavation by reducing the surface of the street opposite his land, at no point more than eight inches, and thus obtain sufficient earth to fill the street on each side of the culvert which was then being constructed. This suggestion or request from him was reported to the common council. The common council approved the proposition, and directed the work to be done—without entering it upon their records—and one of the defendants reported the action of the council to the plaintiff. Soon thereafter, and before the work was completed, plaintiff went away, and before he returned the work was accom-

plished. The edge of the roadbed was 17 feet distant from the plaintiff's lot. It appears to be •conceded that the work was essential to a good roadbed, and that it was properly executed. The roadbed before this work was done was lower than the surface of plaintiff's lot, but just how much does not distinctly ·appear. His own witness, one Leonard, a surveyor, testified that the bottom of the gutter was three feet and one or two inches from the surface. He could not tell how much higher the roadbed was than the gutter. He further testified that gutters were necessary, and that the work was ''just what it ought to be.'' Plaintiff's own employés removed earth from the street to his lot during the progress of the work. Plaintiff makes no complaint of the work in so far as it corresponded with his consent and understanding as above stated. His complaint is that the removal of the earth was not in accordance with that understanding. He testified:

''I had consented to the removal of a part of the surface soil, but below what we agreed upon I claim is an unwarranted interference.''

Whether the earth was excavated to a greater depth than eight inches was a disputed question of fact.

In so far as this work was authorized and assented to by the plaintiff, he is now estopped to complain. No grade had been established, and therefore plaintiff could not recover damages against the municipality. *Cummings* v. *Dixon*, 139 Mich. 269.

The main complaint is that parol testimony of the action of the common council was allowed. Parol evidence is not admissible to contradict the record of the proceedings of the common council. It is admissible, however, to show facts omitted therefrom. The failure of a clerk to properly enter such proceedings cannot affect the rights of individuals who have acted upon the faith of the action of the council, in fact duly taken, but not recorded. *Township of Taymouth* v. *Koehler*, 35 Mich. 21.

Whether there is evidence in this case showing an unrecorded action of the common council within the above-cited decision it is not necessary to determine, as the judgment must be affirmed on another point. The main claim of the defendants is that bills were rendered for this work and were approved by the council. These bills did not specifically state where the work for which they were rendered was done. Under the above authorities it was competent to show by parol that the bills included this work, and that they were approved by the council with knowledge of that fact. Such testimony did not contradict the record, but only explained it. What the common council could originally authorize they could subsequently ratify. The allowance of the bills was a sufficient ratification. *Davis* v. *Mayor, etc., of Jackson*, 61 Mich. 530.

The court instructed the jury that—

"The defense claims that, as the work progressed after it was completed, the common council had knowledge of what was being done, and that they afterward ratified what had been done. Now that is a question of fact for you. If the council, subsequent to the completion of the work, ratified the action of the commissioner and the committee and the president, that would be a complete defense. * * * If, as I say, they had knowledge, as a body, of the work progressing, and then deliberately paid the bills understandingly, that would be evidence which goes to you upon the question as to whether the council had ratified and accepted and adopted the work of the commissioner and approved of it."

The fact of ratification was conclusively established, and the court might properly have directed a verdict upon this ground. It therefore becomes unnecessary to discuss other alleged errors.

Judgment affirmed.

McALVAY, C. J., and CARPENTER, BLAIR, and HOOKER, JJ., concurred.