CITY OF DETROIT *v.* SNYDER.

MUNICIPAL CORPORATIONS—SEPARATION OF GRADES—DAMAGES.
The statute (chap. 102, 2 Comp. Laws) providing for the separation of the grades of streets and railroad crossings refers not only to those duly established by municipal authorities, but also to the grades of highways and streets in common use although not established.

Error to the recorder's court of Detroit; Connolly, J. Submitted January 22, 1909. (Docket Nos. 57, 58.) Decided May 25, 1909.

Petition by the city of Detroit for separation of grades in a certain street. George P. Snyder and the Union Transfer & Storage Company intervened claiming damages. There was judgment confirming the award of the jury, and petitioner brings error. Modified and affirmed.

*P. J. M. Hally*, for appellant.

*Edmund Atkinson* (*Chamberlin, May, Denby & Webster, Beaumont, Smith & Harris* and *Choate & Webster*, of counsel), for appellees.

Grant, J. The issues between the city of Detroit and two of the respondents, one Snyder and the Union Transfer and Storage Company, were left undetermined in the grade separation cases heretofore decided. *City of Detroit* v. *Detroit United Railway*, ante, 106; *City of Detroit* v. *Michigan Cent. R. Co.*, ante, 121. These issues are presented in the latter case.

1. The street in front of the land owned by these respondents had never been paved, and no grade had been established by the city. The respondents were allowed damages for injury to their abutting land, caused by depressing the street in front thereof. The city contends that the grade mentioned in the statute means an established grade; *i. e.*, one established by the proper action on the part of the city authorities and duly recorded. The respondents contend that the grade means a change in the street from the levels as they then existed. Counsel for the city cite *Cummings* v. *Dixon*, 139 Mich. 269, and *Wheat* v. *Van Tine*, 149 Mich. 314. Those cases arose under the village incorporation act, which gave compensation only for changes in the grade of the street where the grade had once been established. It is significant that the legislature in that act used the term "established grade," while in the act under consideration they used simply the word "grade." The act applies equally to highways in the country and to streets in the city. Usually in the country there is no established grade. The grade of the street here in question had not been established by the formal action of the city authorities. It had been used for many years in the condition in which it was when these proceedings were commenced. This statute did not contemplate a grade to be made for the purpose of ordinary travel, unobstructed by railroad crossings or canals. It contemplated a change made necessary by the use of the streets for railroad crossings. Such improvements do not come within that rule of the common law which gives no compensation or damages. *Schneider* v. *Detroit*, 72 Mich. 240 (2 L. R. A. 54). We are therefore of the opin-

ion that the term " grade " in this statute refers not alone to those duly established by engineers and municipalities, but also to the grades of highways and streets as in common use.

2. By direction of the court the jury awarded the Union Transfer & Storage Company $940.03, being an assessment for paving a part of Leavitt street. The briefs of counsel do not refer to the proceedings between it and the city by which this assessment was made against the Transfer & Storage Company. The direction of the court appears to be based upon the theory that under the contract between the city and the railroad companies the latter agreed to bear the expense of paving. We infer from the briefs of counsel that the city authorities and the railroad companies interpreted the contract not to include the pavement opposite the land of the Transfer & Storage Company. Under the city charter the original cost of paving is assessed to abutting owners. The charter provides for proceedings to be taken in the recorder's court for determining these assessments for paving. We assume that those proceedings were taken and were regular. The storage company should have made its defense in those proceedings.

This item will therefore be eliminated from the award, which otherwise will stand affirmed.

BLAIR, C. J., and MONTGOMERY, MOORE, and MCALVAY, JJ., concurred.