CHASE v. MICHIGAN UNITED RAILWAYS CO.

1. APPEAL AND ERROR—BRIEFS—STATEMENT OF FACTS.
   Under Supreme Court Rule 40, the appellant's statement of the facts will be considered correct unless the appellee points out errors which he claims are contained therein.

2. SAME.
   In reviewing a case on error, defendant, against whom a ver-

dict was directed, is entitled to have the evidence presented in his behalf considered as true.

3. STREET RAILWAYS—USE OF STREETS.

Evidence that a plat of certain property included streets which were thereafter used by the public, that defendant electric railway occupied one of the streets continuously from a certain date, that the owners of the record title conveyed to such railway a right of way over the street, tends to support the claim of right of defendant to the use of the land in the highway.

4. SAME—PAROL EVIDENCE—FRANCHISE.

Parol evidence, in an action involving the right of an electric railway to use a street, is admissible to show action of a township board granting a franchise to the corporation, although the township records fail to show any action.

Error to Ingham; Collingwood, J. Submitted February 17, 1911. (Docket No. 93.) Decided May 8, 1911.

Ejectment by Charles H. Chase against the Michigan United Railways Company. A judgment for plaintiff on a verdict directed by the court is reviewed by defendant on writ of error. Reversed.

*Sanford W. Ladd* (*Justin R. Whiting*, of counsel), for appellant.

*Charles H. Chase* (*Lyon & Moinet*, of counsel), for appellee.

McALVAY, J. This is a case in ejectment where a judgment was entered for plaintiff on a verdict directed in his favor by the court, and is brought to this court upon writ of error for review.

The statement of facts made by defendant and appellant in its brief will be considered by the court as sufficient and accurate, the plaintiff and appellee not having pointed out anything to the contrary, as provided by rule No. 40 of this court. The property in dispute is a portion of the right of way of defendant street railway company as it passes through College Grove, located in Meridian town-

ship, Ingham county, as platted and dedicated by Horace
B. Angell and Clara E. Angell, owners in fee thereof, on
May 8, 1903. It appears that Angell and wife on Febru-
ary 14, 1905, after the platting, by warranty deed, con-
veyed to the Lansing & Suburban Traction Company, the
predecessor of defendant, a right of way along certain
streets and through the entire plat of College Grove,
which included all the premises claimed in this suit; that
afterwards the traction company went into possession of
all these premises, and built an electric street railway over
and along the same through and across the entire plat
from south to north, and ever since the traction company
and defendant, its successor, have continuously main-
tained and operated the said road. All this was done
with the knowledge of plaintiff, who assisted in preparing
the deed and its reservations, and in writing agreed to
sign this deed for the nominal consideration of $1, more
than one year after he had filed his bill for an account-
ing and partition against Angell, who with him had con-
ducted a partnership business. The lands in College
Grove plat were involved in that chancery case. The
case proceeded to a decree in Ingham circuit court. Both
parties appealed to this court. Later a decree was granted
determining that a partnership existed, and that its real
estate on December 30, 1904, consisted of College Grove
plat, except certain portions, and that it be partitioned.
See *Chase* v. *Angell*, 148 Mich. 1 (108 N. W. 1105, 118
Am. St. Rep. 568). The cause was remanded for parti-
tion by commissioner. The parties stipulated and agreed
upon a decree by the terms of which plaintiff was given
certain lots, numbered and described according to College
Grove plat, abutting on M. A. C. avenue, and a portion
of lot 79 which includes the right of way of defendant
north of M. A. C. avenue, as shown on the plat furnished
with the record. Plaintiff's claim is that the dedication of
streets and highways was never accepted by the public,
and he, having become the owner of certain lots abutting
on this avenue, is the owner of the fee of the portions of

the avenue in front of such lots to the center line thereof, and he claims all of the right of way of defendant north of Elizabeth street through lot 79 by virtue of the chancery decree.

Defendant sought to show a franchise granted to its predecessor by the township of Meridian to construct and maintain an electric railroad and interurban line in the highway and through the township, as described therein, which includes a right to go through College Grove plat, but the franchise and testimony relative to it was not allowed in evidence. Plaintiff made certain claims that defendant was estopped from claiming these premises by reason of certain proceedings had in chancery. We do not think it necessary to state such claims in this opinion.

Defendant is entitled in this case, where a verdict was directed against it, to have the evidence presented in its behalf considered by this court as true. Upon the question of an acceptance of the dedication of the highways of this plat, there was evidence that such streets had been used by the public since the dedication, and the proof that these streets had been used and occupied by the street railroad continuously since 1905 was not contradicted. There was also evidence by conveyance from Angell and wife tending to show the right of the railroad to occupy the premises in question, all tending to defeat the recovery by plaintiff, at least as far as the strips claimed in M. A. C. avenue are concerned. *Michigan Central R. Co.* v. *Bay City*, 129 Mich. 264 (88 N. W. 638). The court, therefore, was in error in instructing a verdict for plaintiff. As a new trial must be ordered, it will be necessary to consider the question whether the court was in error in excluding all testimony relative to granting a franchise by the township board.

Defendant offered to show a franchise duly granted by proper authority to use and occupy streets in Meridian township, including streets in College Grove plat. It was excluded for the reason that the record book of the township board did not show that any action had been taken.

The defendant produced the original franchise duly signed by the members of the board and filed in his office by the township clerk, and also produced the clerk and members of the board at the time as witnesses, and offered by their testimony to show the fact that the paper was genuine, that the meeting was had on the day it bore date, and that the franchise was duly and regularly granted. The refusal to receive such testimony was excepted to and error is assigned upon it.

That "parol evidence in a collateral action cannot be received to contradict the records of a public corporation required by statute to be kept in writing, or to show a mistake in the matters as therein recorded," is well settled. 1 Dillon on Municipal Corporations (4th Ed.), § 299. In the instant case it was not sought to contradict a record, but to show certain facts omitted from the record. The weight of authority is that for such purpose parol evidence is admissible. Mr. Dillon, in the text-book above cited, says:

"But a distinction has sometimes been drawn between evidence to contradict facts stated on the record and evidence to show facts omitted to be stated upon the record. Parol evidence of the latter kind is receivable, unless the law expressly and imperatively requires all matters to appear of record, and makes the record the only evidence." 1 Dillon on Municipal Corporations (4th Ed.), § 300, cases cited and notes, *Id.* § 301.

See, also, *School District* v. *Union School District*, 81 Mich. 339 (45 N. W. 993); *Wheat* v. *Van Tine*, 149 Mich. 314 (112 N. W. 933). The court erred in excluding this evidence offered by defendant. We do not find it necessary to decide other questions discussed in the briefs.

The judgment of the circuit court is reversed, and a new trial ordered.

HOOKER, MOORE, BROOKE, and BLAIR, JJ., concurred.