RICHARD SCHELL, Appellant, *v.* AMELIA SCHELL, Respondent.

Second Department, June 11, 1920.

**Real property — conveyance by husband to wife prior to suit for separation — indebtedness of husband to wife's father — subsequent discharge of said debt — evidence establishing title of grantee.**

Where fifteen years prior to a suit for separation, the plaintiff, husband of the defendant, executed a deed of certain realty which he subscribed and acknowledged before a notary who affixed his seal but did not certify the acknowledgment, which conveyance together with the deeds referred to therein the plaintiff delivered to the defendant and they were afterwards placed in a safe of which the defendant knew the combination through information from the plaintiff, and at the time of the transaction the father of the defendant had demanded payment of a debt due to him from the plaintiff, with the alternative of taking the premises, which debt the plaintiff discharged after a few months, and at the time the action for separation was begun the defendant took the papers from the safe and

caused them to be recorded, and no demand therefor was made by the plaintiff until the suit was instituted, a judgment confirming the defendant's title should be affirmed.

The assent of the grantee to the acceptance of the conveyance which was confessedly made to protect the property from the claims of the creditors is presumed perforce of its benefit to her.

APPEAL by the plaintiff, Richard Schell, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Richmond on the 21st day of June, 1919, upon the decision of the court rendered after a trial at the Richmond Special Term.

*Joseph B. Handy,* for the appellant.

*George M. Pinney,* for the respondent.

JENKS, P. J.:

The court upon sufficient proof found these facts: On August 3, 1903, the plaintiff caused to be prepared a paper termed an " indenture," whereby he granted and released to the defendant, his wife, all of his right, title and interest in two certain parcels of land in two annexed deeds of grant. He subscribed that paper in the presence of Loos, a notary, and acknowledged before Loos the execution of the instrument. Loos thereupon affixed his notarial seal but failed to certify the acknowledgment. The plaintiff took the indenture in an envelope and handed it to the defendant in their home, whereupon the defendant read it and handed it back to plaintiff. Thereupon the plaintiff placed the indenture in the same compartment of a pocketbook wherein were the deeds referred to in said indenture, but which deeds were not physically attached to the indenture. The pocketbook and its said contents were then placed by the plaintiff in a safe in that house. The safe was in common use by the family. The figures of the combination lock of the safe had previously been told by plaintiff to defendant. At the time of these doings the father of the defendant had demanded payment of a debt due to him from the plaintiff, with the alternative of taking the premises. The plaintiff, after a few months, discharged the debt. The said papers remained as thus deposited in the safe, untouched for fifteen years. At or about the time of the institution of the separation suit the defendant took the papers from the safe and

turned them over to her attorney. Prior to the trial of the suit the defendant caused the papers to be recorded. No demand was made upon the defendant for the indenture until after the beginning of the said suit for separation. The plaintiff on cross-examination admitted that he told his wife at the time he brought the indenture home that the envelope thereof contained a paper that would protect his family from his creditor, his father-in-law.

I think that the judgment should be affirmed. *Gage* v. *Gage* (36 Mich. 231, cited in Devlin Deeds [3d ed.], § 268) is a precedent. (See, also, Devlin Deeds, § 278a; *Wallace* v. *Berdell*, 97 N. Y. 13; *O'Brien* v. *O'Brien*, 188 App. Div. 309.) The assent of the grantee to accept the conveyance is presumed perforce of its benefit to her. (*Church* v. *Gilman*, 15 Wend. 656, cited with other cases in *Munoz* v. *Wilson*, 111 N. Y. 303.) *Meiggs* v. *Meiggs* (15 Hun, 453), cited by the learned counsel for the appellant, is discriminated from the case at bar by the fact that the settlor expressly reserved his right to withdraw the bonds.

The judgment should be affirmed, with costs.

Present — JENKS, P. J., MILLS, RICH, KELLY and JAYCOX, JJ.

Judgment unanimously affirmed, with costs.